Henry Moss et al., complainants,

*v.*

Pleasantville Mutual Loan and Building Association, a corporation of the State of New Jersey, defendant.

[Decided January 27th, 1932.]

*Mr. John D. McMullin,* for the complainants.

*Mr. Elwood C. Weeks,* for the defendant.

Ingersoll, V. C.

The complainants, the heirs-at-law of one Richard Moss, deceased, allege that the defendant, being the owner of certain lands in Atlantic county, on October 1st, 1929, entered into an agreement with one Herman J. Eve to sell said premises to said Eve for a certain consideration; that they are unable to set out the terms of said agreement for the reason that the same is not of record and the defendant refuses to give them a copy thereof; that on October 4th, 1929, said Eve agreed to convey said premises to said Richard Moss for a consideration therein expressed. The complainants also allege that the said loan and building association approved said "transfer."

This allegation is denied by the secretary of the association, who said that no such action was taken by the loan and

building association, and that he, as secretary, had no knowledge of any connection between Moss and Eve.

On March 6th, 1930, the dwelling house (being the principal building upon said property) was destroyed by fire, and the loan and building association received from the insurance company a payment of loss by reason thereof.

That since said time the defendant removed the personal property from said premises and has agreed to convey a portion of said premises to another, who is not made a party hereto.

The complainants pray that an account be taken of the amount due defendant, that defendant be ordered to execute a deed to complainants, and that it be restrained from conveying or encumbering the premises.

The agreement between the defendant and Eve, which was referred to in the bill, was offered in evidence. It is an agreement to convey, by deed of general waranty, when fully paid for, clear of all encumbrances, upon the conditions thereinafter set forth, the lands and premises in question. It contained also the following clause:

"3. The party of the second part assumes and agrees to pay all taxes and other carrying charges upon the said lands and premises from the date of this agreement and also keep the lands and premises insured against loss by fire, with loss payable to the party of the first part; and in the sum of fifteen hundred dollars ($1,500).

4. If at any time default shall be made in the payment of the dues, premium, interest, fines or any other moneys above provided for, for a period of six months in the aggregate or if the party of the second part fails to keep the property insured as above provided for or the taxes paid not later than December 31 for any year for which the taxes have been assessed, then at the option of the party of the first part upon thirty days' written notice, mailed to the party of the second part, this agreement may be terminated; and in such case all moneys paid by the party of the second part to the party of the first part shall be applied and considered as rental for the said lands and premises, and liquidated damages."

The agreement between Eve and Moss is evidently a modified copy of the agreement between the loan and building association and Eve.

The complainants, before they can succeed, must show some contractual relation between the decedent and the loan

and building association. I find as a fact that the existence of such contractual relation, in so far as the conveyance of this property is concerned, was not proven.

It follows, therefore, that it is unnecessary to consider the insistence of the defendant that the destruction of the dwelling house by fire excused the performance of the contract, as was held in *Perlee* v. *Jeffcott, 89 N. J. Law 34*.

No right for a conveyance appearing, there should be no accounting in this court, an adequate remedy (if any right exists) being in the law courts.

The bill must be dismissed.